**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JOSEPH CAREY THORNE,

        Plaintiff,

v.

DOUCETTE ENTERPRISES, INC.
D/B/A BLUE SKY TEXTURE & DRYWALL,
JACQUE DOUCETTE,
NICHOLAS DOUCETTE,

        Defendants.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JOSEPH CAREY THORNE, brings this action against Defendants, DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL, JACQUE DOUCETTE, and NICHOLAS DOUCETTE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff JOSEPH CAREY THORNE was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Defendant, DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of popcorn removal and drywall construction, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.      Defendants' business is located in Broward County, Florida.

5.      Defendant, JACQUE DOUCETTE, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL. Accordingly, JACQUE DOUCETTE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      Defendant, NICHOLAS DOUCETTE, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of DOUCETTE ENTERPRISES, INC. D/B/A BLUE SKY TEXTURE & DRYWALL. Accordingly, NICHOLAS DOUCETTE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7.      Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

8.      Plaintiff JOSEPH CAREY THORNE worked for Defendants as a handyman and laborer.

9.      Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

10.     Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

11.     Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12.     Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

15.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Bar No.: 74791