**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-61898-RAR**

**JOSEPH CAREY THORNE**,

    Plaintiff,

v.

**DOUCETTE ENTERPRISES, INC. D/B/A
BLUE SKY TEXTURE & DRYWALL,** *et al*.,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** comes before the Court on the Joint Motion for Approval of Parties' Settlement and Dismissal of Plaintiff's Claims with Prejudice [ECF No. 31] ("Joint Motion"). Before the Court can approve a settlement of FLSA claims, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354. Upon review of the record and the parties' documented basis for settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, the Court finds that the settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** as follows:

    1.    The Joint Motion [ECF No. 31] is **GRANTED**.

    2.    The Settlement Agreement [ECF No. 31-1], which has been duly filed as a record of the Court, is **APPROVED** in its entirety.

    3.    The case is **DISMISSED WITH PREJUDICE**, and any pending motions are **DENIED AS MOOT**.

    4.    The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of April, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**